Curia, per

Whitner, J.
The question to be decided is, whether, in the case made by the report of the presiding Judge, the action of trespass quare clausum fregit can be sustained.
The action of trespass quare clauswm fregit is founded on possession, and in this form recovery cannot be had without it. The possession heretofore recognized, however, may be actual or constructive. Where the plaintiff has the actual occupancy or possessio pedis, the right of action has been long settled, and is indisputable. But where no such actual occupancy exists, it has been also held that, on shewing title in himself, the plaintiff may maintain this action, because, as it is said, even although there has been no formal entry or occasional occupancy, the title to the locus in quo draws after it possession, and this in our cases has been called constructive possession. So, too, where there has been actual occupancy of part of a tract of land, with the limits of the claim well defined, the constructive possession extends to the whole. The cases of Davis vs. Clancey & Johnson, (3 McC. 422,) Pearson vs. Dansby & Nelson, (2 Hill, 466,) and McGraw et al. vs. Bookman, (3 Hill, 265,) are full to these points.
Where there is no conflict of possession, therefore, there is no difficulty in understanding and applying these rules.
In the case before the Court plaintiff relies on his title, and *106 hence insists that, having shewn this, upon legal principles he has constructive possession, and the requisition of- the law is met. But the defendant replies that he is the actual occupant, and opposes, therefore, his actual possession as a bar. Which, then, shall prevail ?
For a casual trespass, one resting on his title alone may maintain this action, because trespassers of this description acquire no possession and have nothing to oppose. But where the defendant is in actual possession the case is different; for, as is said in Amick vs. Frazier, (Dud. 340,) it would be “a solecism to say that one can have a constructive possession of that which is in the actual possession of another.” In this contest between actual and constructive possession the latter has always been made to yield, or,' as was said in the recent case of McColman vs. Wilkes, (3 Strob. 465,) “it is always displaced by any actual possessionand in the cases of Davis vs. Clancey & Johnson, and Pearson vs. Dansby & Nelson, already referred to for other purposes, the same principle is fully maintained.
Is there any thing then in this case to save this plaintiff from the operation of these principles '?
The land was sold by the Ordinary in January, 1844, under a decree to make distribution among the heirs of Reuben Anderson. The defendant purchased and entered into possession, where he has remained ever since. The same land was again sold by the sheriff in August, 1846, as the property of plaintiff, and again purchased by defendant — this being done at the instance of plaintiff and defendant, under contract as to price, that the latter might obtain titles from the sheriff.
Another question was presented as to the effect of plaintiff’s alienation before action brought of -same lands to same defendant ; but from the view taken by a majority of this Court on the question already considered, it is not necessary to be now settled.
The motion to set aside the nonsuit is refused.
O’Nealu, EvaNS, Wakdlaw, Fbost and Withers, JJ., concurred.

Motion refused.